UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| STEVEN GRIER, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:18-CV-769-JD-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Steven Grier, a prisoner without a lawyer, filed a petition under 28 U.S.C. § 2254 challenging three prison disciplinary proceedings. ECF 2. The Respondent filed a motion to dismiss Grier's petition on March 27, 2019. ECF 13. The court issued an order directing Grier to respond to the motion to dismiss by April 30, 2019. ECF 15. However, he did not respond to the motion and the time to do so has passed.

On September 18, 2018, Grier filed a habeas corpus petition challenging his disciplinary hearings in cases STP 17-12-32, STP 17-12-33, and STP 17-12-35. ECF 2 at 1. In his petition, Grier alleges that the hearing officer found him guilty of engaging in unauthorized financial transactions in violation of Indiana Department of Correction (IDOC) policy B-220 on December 7, 2017. *Id*. As a result, he asserts he was sanctioned with the loss of 50 days earned credit time and a two-step demotion in credit class. *Id*.

The Respondent has moved to dismiss Grier's petition because a search of IDOC's Offender Information System (OIS) indicates there is no record of Grier's three challenged disciplinary cases. ECF 13; 13-1 at 1-2; 14 at 3-4. Here, the Respondent

represents to the court that when IDOC dismisses a prison disciplinary case, it is typically expunged from OIS and the offender's record. ECF 13 at 1-2; 13-1 at 1; 14 at 1. Because there is no record of the three proceedings Grier is challenging, the Respondent contends the petition should be dismissed as moot as there is no longer a case or controversy for the court to adjudicate regarding Grier's petition. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prisoner can challenge prison disciplinary determination in habeas proceeding only when it resulted in a sanction that lengthened the duration of his confinement).

However, the Respondent points out that OIS shows Grier was found guilty of the same B-220 offense on December 7, 2017, in three different disciplinary hearings in cases STP 17-12-30, STP 17-12-31, and STP 17-12-34. ECF 13 at 2; 13-2 at 4-6; 14 at 2-3. In those cases, Grier was collectively sanctioned with the loss of 100 days earned credit time and a two-step demotion in credit class. ECF 14 at 2-3. The Respondent, however, argues that even if Grier intended to challenge disciplinary cases STP 17-12-30, STP 17-12-31, and STP 17-12-34, he would not be entitled to relief because he failed to exhaust his administrative appeals. ECF 13 at 2-3; 13-2 at 4-6; 14 at 4-5.

Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads,* 280 F.3d at 729. In other

words, exhaustion requires that a prisoner present each claim he seeks to raise in his habeas petition at each level of the prison disciplinary process. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

IDOC has a two-step administrative appeals process. *See* The Disciplinary Code for Adult Offenders, Policy & Administrative Procedure No. 02-04-101, §§ X(A)-(D) (effective June 1, 2015), at https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf. As to the first step, an offender is required to file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the disciplinary hearing report. *Id*. If the facility head denies the first-level appeal, the offender must then file a second-level appeal within 15 days of the facility-level response with the final reviewing authority. *Id*. In the second-level appeal, the offender may assert only those claims that were raised in the first-level appeal. *Id*.

The court's review of the record shows that Grier is procedurally barred from raising any challenge to disciplinary cases STP 17-12-30, STP 17-12-31, and STP 17-12-34. This is because OIS shows Grier never filed either a first-level or second-level appeal with respect to these cases. ECF 13-2 at 4-6. While Grier noted in his petition he filed a facility-level appeal, his appeal form lists STP 17-12-32, STP 17-12-33, and STP 17-12-35, (ECF 2-1 at 1), which are the cases that cannot be found in OIS. ECF 13-1 at 1-2. And Grier provided no reason in his petition which would excuse his failure to exhaust his administrative remedies. *See Moffat*, 288 F.3d at 982 (claim was procedurally defaulted because petitioner did not raise it in his administrative appeals and had not attempted

to show cause and prejudice). Nor did Grier respond to the court's April 16, 2019 order directing him to file a response to this motion to dismiss. ECF 15. Furthermore, the court's review of Grier's petition shows there are no cognizable habeas corpus claims which would entitle him to relief.

For these reasons, the Respondent's motion to dismiss (ECF 13) is GRANTED and Grier's petition (ECF 2) is DENIED WITH PREJUDICE. The Clerk is directed to CLOSE the case.

SO ORDERED on May 24, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT